HIRSCHBERG v. AISENSTEIN et al.

(Supreme Court, Appellate Term, First Department.   June 18, 1914.)

1. SALES (§ 359*)—REMEDIES OF SELLER—ACTIONS FOR PRICE—WEIGHT AND
SUFFICIENCY OF EVIDENCE.

Evidence in an action on a check given in payment for 180 watches,
payment of which was stopped, *held* to show that the watches were stolen
property, to which plaintiff had no title.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 511, 1056–1059;
Dec. Dig. § 359.*]

2. SALES (§ 347*)—REMEDIES OF SELLER—ACTIONS FOR PRICE—RIGHT OF AC-
TION.

The seller of 180 watches could not recover on a check given therefor,
payment of which was stopped, where the consideration failed, because
the watches were stolen and the seller had no title.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 962–972;   Dec. Dig.
§ 347.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Samuel Hirschberg against Morris Aisenstein and another.   Judgment for plaintiff, and defendants appeal.   Reversed, and new trial ordered.

Argued June term, 1914, before SEABURY, PAGE, and BIJUR, JJ.

Olney & Comstock, of New York City, for appellants.
Reiss & Reiss, of New York City, for respondent.

SEABURY, J.   The action is brought upon a check, upon which payment was stopped by the defendants, and which was given in payment of 180 watches delivered to defendants by the plaintiff on November 13, 1913.   The claim of the defense is that the watches were the property of a corporation known as the Keystone Watch Company, a concern doing business in this city, and had been stolen from it on November 11, 1913.   The testimony shows without dispute that on November 11, 1913, the Keystone Company received a telephone order in the name of these defendants for 260 watches.   The watches were packed and delivered to a boy, who represented that he came from the defendants.   The watches were not in fact ordered by or delivered to these defendants.   On November 13, 1913, the plaintiff sold to the defendants 180 watches, and the check in suit was given therefor.

[1, 2] The only question at issue was whether the watches sold by the plaintiff to the defendants were a part of the lot delivered to the boy by the Keystone Company upon the false order; if so, the plaintiff is in the position of having delivered goods to the defendants to which he had no title.   It is unnecessary to discuss in detail the testimony.   It appears that the plaintiff obtained the watches from one Katz, who obtained them from one Sandrowitz, a dealer in butter and eggs, who obtained them from one Yaskowitz, a worker in an overall factory.   This man refused, when sworn at the trial, to say where he obtained them; but it was proven that he said that he got them from a boy at the corner of Broome and Eldredge streets about

1 p. m. on November 11, 1913. The evidence offered by the defendants satisfies us that the 180 watches delivered to them are a part of the watches fraudulently obtained from the Keystone Company. The watches were retaken from defendants by a police officer and were never returned to them. The consideration for the check having failed, the plaintiff is not, under the present record, entitled to recover.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.